**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

SHAWN R. STRADER,

                Plaintiff,

        v.

LOUIS J. PRESENZA, et al.,

                Defendants.

Civil Action No. 24-6398 (KMW) (SAK)

**OPINION**

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis* (ECF No. 4). Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and the application is granted. Because Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's amended complaint is dismissed with prejudice.

## I.    **BACKGROUND**

Plaintiff is a state pre-trial detainee currently confined in the Salem County Correctional Facility. (ECF No. 1 at 4.) In his complaint, Plaintiff seeks to sue the Office of the Public Defender

and his two assigned criminal defense attorney for vaguely alleged claims of ineffective assistance of counsel.  (*Id.* at 4-6.)  Plaintiff provides no details for this claim.  (*Id.*)

## II.     LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting

*Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6).  *Id.* (quoting *Twombly*, 555 U.S. at 557).  While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   **DISCUSSION**

In his complaint, Plaintiff seeks to sue the Office of the Public Defender and two attorneys employed by that office based on his assertion that they have provided ineffective assistance in his ongoing criminal prosecution.  Even had Plaintiff pled additional facts to support this claim, this Court would be required to dismiss the claim against the Office and the two named attorneys in this matter as none of the named Defendants are subject to suit in a federal civil rights matter.  It is axiomatic that public defenders and appointed criminal attorneys do not act under color of state law in providing legal services to criminal defendants, and as such they are not proper Defendants in a civil rights matter and are immune from suit under federal civil rights laws for actions taken in the capacity of appointed counsel.  *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Carter v. Kane*, 717 F. App'x 105, 108 (3d Cir. 2017); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014).  As all of the claims contained in Plaintiff's complaint allege that counsel and the Office violated his rights by providing ineffective assistance as criminal counsel in his

ongoing criminal defense, Defendants are immune from suit in a federal civil rights matter and Plaintiff's claims against them must therefore be dismissed with prejudice.[1]

## IV.   **CONCLUSION**

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITH PREJUDICE** in its entirety.  An order consistent with this Opinion will be entered.


*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge

---

[1] Plaintiff's complaint, without elaboration, also uses the term "malpractice."  This Court construes this assertion to be part of his civil rights claim of ineffective assistance rather than a separate state law claim for legal malpractice.  To the extent Plaintiff intended to raise a separate malpractice claim, this Court would be required to decline jurisdiction over it as it has dismissed with prejudice all the claims contained in Plaintiff's complaint over which the Court has original jurisdiction.  *See* 28 U.S.C. § 1367(c)(3).